**KAZEROUNI LAW GROUP, APC**
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
1303 E. Grand Ave., Ste. 101
Arroyo Grande, CA 93420
Telephone: (805) 335-8455
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI GIOVANNI,<br><br>  Plaintiff,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES LLC; AND, EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;**<br><br>II. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.; AND,**<br><br>III. **CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE § 1798.92, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. ALI GIOVANNI ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of DISCOVER FINANCIAL SERVICES LLC ("Discover"); and, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") with regard to the continued collection efforts and reporting of a fraudulent debt to Plaintiff's credit report.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

| Case # | 1 of 13 | *Giovanni v. Discover, et al.* |
|---|---|---|
| | **COMPLAINT** | |

6. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of (i) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); and, (iii) California's Identity Theft Act, Cal. Civ. Code § 1798.92, et seq. ("CITA").

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) both Plaintiff and Experian reside in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is a natural person who resides in Orange County, California.

13. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

14. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

15. Discover is a corporation located in the State of Illinois and is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

16. Discover is also a "claimant" as that term is defined by California Civil Code § 1798.92(a).

17. Experian is a corporation located in the State of California.

18. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

19. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

20. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

21. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California.

23. Sometime prior to 2020, Plaintiff was denied an automobile loan.

24. Immediately after Plaintiff's automobile loan was denied, Plaintiff reviewed Plaintiff's credit reports and became aware for the first time an imposter opened numerous accounts using Plaintiff's personal information.

25. Because the fraudulent accounts were opened using Plaintiff's personal information, and without Plaintiff's authorization, Plaintiff concluded that Plaintiff was a victim of identity theft.

26. After becoming aware of the fraudulent accounts, Plaintiff began notifying the entities associated with these accounts of Plaintiff's identity theft; and, Plaintiff requested to have the accounts closed.

27. When Plaintiff began contacting the entities associated with these accounts, Plaintiff learned that Plaintiff's California Driver's License Number was used to open the fraudulent accounts.

28. Plaintiff has never authorized anyone to use Plaintiff's Driver's License to open an account in Plaintiff's name or on Plaintiff's behalf.

29. Plaintiff does not know the identity of the fraudster who opened these accounts using Plaintiff's information.

30. Plaintiff obtained police reports regarding the fraudulent accounts in April of 2017; and, February of 2018.

31. In April of 2017, Plaintiff also completed an Identity Theft Victim's Complaint and Affidavit.

32. The fraudulent account activity directly caused derogatory information to be erroneously reported to Plaintiff's credit report.

33. Plaintiff disputed, among several other accounts, Discover's inaccurate credit reporting via written communications sent to the Credit Bureaus on March 29, 2019, pursuant to 15 U.S.C. § 1681i(a).

34. Said disputes informed Defendants that Discover was reporting inaccurate information regarding Plaintiff to the Credit Bureaus since Plaintiff was the victim of identity theft.
35. Upon information and belief, Credit Bureaus timely notified Discover of Plaintiff's dispute.
36. Discover was required to conduct a reasonable reinvestigation into the specific account on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).
37. Experian was also required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
38. Plaintiff also disputed several other entities' inaccurate credit reporting, including Citibank; Portfolio Recovery Associates, LLC; Sprint Corporation; and, Enhanced Recovery Company, LLC.
39. Unlike Discover, these entities did not verify the accounts, and responded to Plaintiff's disputes by removing the inaccurate credit information.
40. Had Discover conducted a reasonable investigation it would have come to the same conclusion as the other entities and realized that Plaintiff was a victim of identity theft.
41. Despite receipt of Plaintiff's dispute, Experian and Discover have continued inaccurate credit reporting regarding the fraudulent account.
42. Experian and Discover informed Plaintiff of this continued credit reporting via written communication dated April 27, 2019.
43. To date, said inaccurate credit reporting remains on Plaintiff's Experian Credit Report.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

44. Experian was required to block the tradeline within four business days from receipt of Plaintiff's identity theft dispute, pursuant to 15 U.S.C. §1681c-2(a).
45. However, not only did the Experian fail to block the tradelines within four business days from receipt of Plaintiff's identity theft dispute, Experian has allowed the account to continue to be reported as of the date of the filing of this complaint.
46. Discover submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.
47. Experian did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).
48. Defendants' investigations were unreasonable.
49. More specifically, Discover should have discovered from Discover's own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading.
50. Plaintiff contends that it was unreasonable for Experian and Discover to not contact the police department; and, to not contact Plaintiff for further information if needed.
51. Accordingly, Discover failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.
52. Discover failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).
53. Due to Discover's failure to reasonably investigate, Discover further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

54. By inaccurately reporting account information after notice and confirmation of its errors, Discover failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

55. Through this conduct, Discover violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Discover knew or should know was inaccurate.

56. Experian also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

57. Plaintiff's continued efforts to dispute Discover's erroneous and negative reporting by communicating Plaintiff's disputes in writing was fruitless.

58. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

59. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

60. Defendants' failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

61. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

62. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

63. Defendants' conduct has caused Plaintiff emotional distress.

64. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

65. While Plaintiff was thorough in Plaintiff's disputes at all times, Experian merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

66. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large charge-off mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

67. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Discover's inaccurate and derogatory information, without success.

68. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

69. Similarly, Experian also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

70. These documents should have caused Experian to remove the inaccurate information from Plaintiff's credit report.

71. By intentionally reporting continuing obligations, Defendants acted in conscious disregard for Plaintiff's rights.

72. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

73. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1681x (FCRA)

### [AGAINST ALL DEFENDANTS]

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

76. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

77. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

### [AGAINST DISCOVER]

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

80. In the regular course of its business operations, Discover routinely furnishes information to credit reporting agencies pertaining to transactions between Discover and Discover's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

81. Because Discover is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Discover is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

82. Since Discover received all documents required to determine the inaccuracy of Discover's reporting, Discover should have known to update said reporting.

83. Discover also should have determined that Discover's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

///

///

///

# COUNT III

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

### CAL. CIV. CODE § 1798.92-1798.97

### [AGAINST DISCOVER]

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

86. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA; and, CCCRAA;
- General damages according to proof;
- Special damages according to proof;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- A declaration regarding Plaintiff's lack of liability to the claimants pursuant Cal. Civ. Code §§ 1798.93(c)(1)-(2);
- An injunction regarding claimants pursuant Cal. Civ. Code § 1798.93(c)(3); and,
- Any and all other relief the Court deems just and proper.

///

## Trial By Jury

87. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 11, 2020                                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   /s/ Matthew M. Loker
       MATTHEW M. LOKER, ESQ.
       ATTORNEY FOR PLAINTIFF